Good morning, your honors. Good morning. I always pull this towards me, thank you. May it please the court and counsel, my name is Tracy Staub and I'm here on behalf of my client, Terry Smith. If I may, I'd like to reserve three minutes for rebuttal. Sure, watch the clock as it counts down. I will. There are three issues for review in this case, all of them pertaining to the $5,000 fine that was imposed on Mr. Smith. He was convicted or pled guilty to possession of a gun by a prohibited person due to his status as a drug addict under 922. At sentencing, the original sentencing, Judge McDonald gave him a 63-month sentence, which is the high end of the guideline range, and then imposed, originally he imposed a $10,000 fine payable from the IRA if available. That went up on appeal. This circuit, a different panel, remanded saying that the qualifier, if available, was ambiguous and they couldn't determine what happened, so they sent it back down for resentencing. At resentencing, documentation was presented to show that the IRA account that Mr. Smith owns is actually only about $11,000. Judge McDonald again took that IRA into consideration in finding that Mr. Smith had sufficient financial resources to pay a fine and again imposed a fine of one-half of the IRA amount, this time $5,000. So we bring several issues that weren't addressed by the first panel back to the court. The first one, of course, being whether a court can consider an individual retirement account from Washington State in determining whether a defendant has sufficient financial resources to pay a fine. In this inquiry, does one consider whether or not the government is prohibited from executing on it? I think yes. Do you look only at whether the federal government, which is the creditor in this case, is prohibited by federal law or do we look at state law? To the extent Congress has addressed the authority of the government to enforce judgments, it has exempted certain kinds of assets or resources, but it has not exempted, as I understand it, IRS. So if the IRS, for example, were seeking to impose a lien, it could impose a lien, could it not, on an IRA? That I don't know, Your Honor. I'm sorry. Honestly, I don't know if the IRS could or could not. Because the statutes that authorize execution of criminal judgments were modeled on and intended, as I understand it, to give the government the same status as the IRS. Now, I'm not saying that conclusively determines the outcome here. I'm just trying to understand the structure. In part, my question is motivated by the district court's observation that it was simply considering the IRA as a resource. It wasn't deciding whether or not the government could execute on it at this point. I understand. So if you could just address the interplay between those two concepts. The distinction is similar to the Supreme Court decision in the Guidry case, I believe it was, cited in, I'm not sure if I'm pronouncing that correctly. Guidry. Guidry. And that is that if it is truly exempt from collection by the federal government, then considering it as a resource available is making the exemption meaningless. The government can't get through the back door what it can't get through the front door. You can't say that a defendant has the means to pay this $5,000 fine when it's obvious that the only way he could do it is by liquidating exempt assets. That would be the same as, you know. Is that what the district court did, or did the district court look at the fact that your client had earned some legitimate money in the past, in other words, he was capable of working, and then imposed a fine which presumably would be collected over the period of his incarceration and his supervised release, which could be collected in installments, even if he couldn't go after the IRA. Is that an impermissible consideration? Well, and I think that goes to the second issue in our case. The first issue that we presented is strictly can the court even consider the IRA as a financial asset in determining whether a fine can be imposed? And if you take the IRA out of the picture, then the district court is left with, does he have the future earning capacity? And that goes to our second question. And, yes, the court did consider his prior employment history. And our position on that with regards to the second issue is that his prior employment history was eight years ago. It was sporadic even at that time. It's been a long time since he's had regular employment. But we're talking about a period of eight years. And in part, he would be able to make at least modest payments through the BOPs. I forget what they call that program, but they actually collect a small amount while your client is working in the prison system, and they would apply it to the payment of the fine. And I understand that. But in this case, the court imposed a $5,000 fine. And it didn't impose a modest fine. It imposed a fine that was significantly above even the average fines of these type of situations when they are imposed. So, you know, if the fine had been, say, $1,000 or even less than that, and he'd been allowed to pay it through the prisoner repayment program at the BOP, that would be a whole other issue. But in this case, it was a very significant fine of $5,000. Congress has set the maximum statutory fine as part of the statutory punishment for the offense, has it not? Yes, yes. So really what you're saying is, on the facts of this case, the fine amount was not reasonable. Yes, on the facts of this case and compared to similarly situated defendants, the fine is not reasonable. But, of course, he has doubled that amount in his IRA. And that brings us right back to the first question. And he had control over that IRA, did he not? Yes, he does. Even if it costs a penalty to do it, he still has the control over it. And it's just like, as far as the judge is concerned, this is money in the bank. Well, Your Honor, and I respect – I believe that the district court, yes, treated it like that. But the Supreme Court has specifically stated that you can't treat an IRA as a bank account. I use that as a figure of speech, really, rather than I wouldn't disagree with the Supreme Court in talking about bank accounts. I believe the case is Rousey v. Jackson, and that's a 2005 case. Now, that was an IRA case. It was cited in my reply brief. And it was a civil case. It wasn't a criminal case. But nevertheless, the Supreme Court said that an IRA is future wages even though the person has the funds available and can liquidate them with a penalty. But it's not a bank account. It's future wages at the point when the person can take them out without getting a penalty for it. So – That's Rousey v. Jackaway, I think. Is it Jackaway? Mm-hmm. At least my copy of it. Okay. But your point is there's a Jackson case that's also cited, but it's only one of our cases. Okay. So the three issues are, as you can tell, obviously, interrelated. And the primary focus for us is that if you take the IRA out of the picture, that significantly changes his – Sure. If you leave the IRA in the picture, then would you say that the fine would be reasonable? No. And that goes to our second issue, and that is that even if you leave the IRA in, the court clearly erred, and it is a clear error burden standard of review in finding that he had the ability to pay a fine. And that goes back to the Robinson case, which said that when the PIR, the pre-sentence investigation report, finds that he doesn't have sufficient assets and doesn't have the ability to pay, the court is going to give that conclusion significant weight. In addition to the finding that he's indigent and has been represented by counsel throughout the proceedings, when you combine those two facts, that essentially meets the defendant's burden of proof by a preponderance of the evidence to show that he does not have the present ability to pay or the future earning capacity to pay. I'm with you up to the second part of your answer. The future earning capacity. Yeah, the future earning. Given what was before the district court with regard to his past employment history, and $5,000 over an eight-year period, 63 months in custody plus three years of supervised release, is not such an enormous amount of money that it's beyond the realm of human capacity. It's not a $7 million restitution award. No, it's not, Your Honor. But I truly believe that when they're in BOP custody, they're making like $24 a month or even that. And I'm not very good at math, but, you know, run that six years down the road. Take my three-year period of supervised release, $5,000 over a three-year period is, I mean, people run up credit card debts that are higher than that. I understand. But they're credit cards. Yes, I understand. And if he could pay his fine with a credit card, that might be a different issue. I'm glad your wife is managing it. Yes. So am I. Why don't you – I think we have the arguments. Why don't you – I'll give you a minute and rebuttal. Thank you. I have to be good at math, at least on the clock. May it please the Court. My name is James Haggard. I'm an assistant United States attorney for the Eastern District of Washington. I did, in fact, handle Mr. Smith's case. And as the record reflects, the government didn't seek a fine in this case. So I'm presented with the dilemma of arguing why we should fine Mr. Smith but having not requested that. Well, the U.S. Attorney's offices today are sort of helping the district courts out, it appears. And a service that we look forward to doing. You could have saved us a little reading time if you both filed a joint brief. I think in this case, though, there are some important points. And I think the first thing is the argument about statistics, that there are so many people who don't get it. The average fine is $1,500 in firearms cases. And I think that the one point to be made in that is we can't use statistics because we are to be looking at similarly situated defendants with assets, earning capacity, skills. It would certainly be a firearms case if you had an attorney who made a half a million dollars a year and he wasn't given a fine, you might have a problem. Then the person, like Mr. Smith, who has the ability to do that but only has it. So how do we know when we take $1,500? Because there may have been one fine for a million dollars on a firearms case, and that would certainly balance out a lot of them. So without some information, it's hard to use statistics to say, is this fine reasonable or not? And I think that's the one point is, is that how we're going to assess our fine? I think the problem is that we don't fine enough. We fine too many cases where we're not going to fine any money whatsoever, and rightfully, maybe we should, but that's another issue. Well, addressing what it really does come down to, even though the district court indicated it wasn't deciding whether or not execution of this would be the ultimate way to pay off the fine, it's pretty hard on this fellow's employment record to say, given the fact that he's got three years, whatever the time is in prison, but modest wages, that is counting on him being able to make and live and then save, in effect, or pay out $5,000 in a fine in the three years he'd be on supervised release. So it's pretty hard to say that, absent the IRA factoring into it, that that really does seem a fair assessment of his earning capacity. Isn't that correct? I think in this case, the first problem is that we have to, does the IRA, is that considered a financial resource, a financial asset? The defense has made the argument that it's exempt under federal law and that it's not subject to execution, garnishment, seizure, or attachment under any form under the state. But that isn't the argument. The argument is the court looking at the financial picture of this defendant and also the other factors, earning capacity, future earning capacity, work skills, experience. In this case, although they argue that for eight years Mr. Smith hasn't been employed, and when he was, it was sporadic, it's more in the nature of willful unemployment. Mr. Smith has the skills. Mr. Smith, if you look at his history, his history showed periods of long employment, and during those periods of time, Mr. Smith was addicted. So this argument that it arose out of his addiction seems to have a, you know, we're using the addiction as why he can't get a job, but he's been employed while he's been an addict. And it also, I think, kind of says is, well, we're going to let you off because you're an addict. Well, I think the answer from the government standpoint, and I think one that the court may have considered was is clean up your act, Mr. Smith, because you have the skills, you have the capability, you have the experience, you have the history to be gainfully employed. And if you get off the drugs and get out there working, you can make this fine. And the court used the guideline. Yes, I think it did. I understand that. But I'm just trying to get to the realities of what seemed to be motivating the judge. And I think given that the government did not seek a fine, the calculus was that absent the IRA, $5,000 would have been outside the ballpark. Now, I understand how you're making, you're rationalizing getting there if you take the IRA out, but it does seem hard to assess this record and think that the district court didn't take the IRA into account, which then brings us back to the question, and that's what I'm interested in the government's position on, does the government take the position that if the defendant here goes through the process, gets his act together during supervised release, but comes up short on paying off by a significant amount, comes up short on paying off the $5,000 that the government can execute on the IRA to satisfy? I don't think the government can. But I think most importantly is whether they can or cannot, I don't think the government would. Based on my experience, the government would remit that fine if he couldn't make the payment, but would remit it. Would not go after the IRA in its discretion or because you don't think it can? I can't speak for what the U.S. attorney or anybody above my low-level position would be, but if this case came to me, which I would expect it would, and asked me how we wanted to proceed on this, mine would be is that let's remit this, as long as he had been making enough to be the payment. So do we in this case need to decide? Let's suppose that it plays out as you've suggested, but you're superseded or overridden by the U.S. attorney. He says, no, we're going to go after the IRA. Would he then have the ability at that point to contest the government's ability to execute on an IRA? Or do we need to decide that question now? I don't know the answer to that, but that's what the judge really did was he kind of threw it out there and said we don't need to deal with that issue. I know we should. That's why I'm asking the question. That's really what he said. But remember, if we step back a step to the first appeal, he left it to the discretion of the U.S. attorney, and he said if it's available to the U.S. attorney, I will impose that fine. Well, this court sent it right back saying, well, one, you don't give it to the discretion of the U.S. attorney. I see the argument being made. However, I don't know that the government could not get to that money, and I will be frank with the court is this is an issue. It's almost like taking tax law in law school. Only the accountant sitting next to you really understood the tax law. He just said he did. It is my opinion, solely my position is that the government could not attack that. I think that the law is quite clear, and I know of no exemption to that. I know that Your Honor brought up that they're trying to put the criminal courts in the same position as the IRS so we can get to everything, but I think that you read the cases, and I think the balance is we need to protect the future of someone by the IRA retirement programs. There's going to be some protection over that regardless of their criminal activities in the future. We're going to protect their ability to survive in the future after they're either too old to commit crimes or they get it so that we're not doing that. And that's just my reading of the case, and I think that's more philosophical, and I would think that that philosophical position would override the ability to get to it. Your opinion in United States v. Novak, that's a March 2006 opinion by Judge Callahan where the U.S. attorney in Los Angeles went after an ERISA account, and we held in that case that the anti-alienation provision did not block the government from doing it. I have not read the Novak case. It seems to me that the department has taken the position that they can go after some of these, I'll call them specialized accounts for want of a better term. And that may be. Unfortunately, this is, to be frank, in my five-plus years with the U.S. Attorney's Office and 16 years as a prosecutor, I have never been before in appellate court on a fine issue. I've never had an appeal on a fine. Of course, the department didn't even have fines and forfeiture unit until about, what, 15 years ago. I mean, these fines used to be imposed, and it was like everybody forgot about it as soon as you walked out the courtroom door, but it seems things have changed. And that may be. I apologize to the court. I live in Yakima, Washington, and I would say we see a fine in one out of every hundred cases. And, again, it is not an issue that has come up. Mr. Smith is, I think, the rare exception to that. The government's position was, and I have to be candid with the court, the government's position was that Mr. Smith was not a likely candidate for employment in the future. I think he has the skills. I just don't think he has the attitude. I don't think he has the desire to improve his situation. I think he's shown a documented history of taking the easy road, drugs and crime, and that was the government's position. My position I took is, you know, you can only bleed so much out of a turnip, and that turnip didn't have much in it, and so. Well, was Judge McDonald trying to hold another hammer over his head with the criminal fine because just jailing this guy on the installment plan wasn't getting us anywhere? I think that Judge McDonald was offended by Mr. Smith's extensive criminal history and felt that it was time that the public did not need to be the financial bank for Mr. Smith's long periods of incarceration, that he had this history of it. And he does, in his opinion, highlight the fact is that Mr. Smith has and continues to be a sort of an individual who is costing the government and the citizens a great deal of money for periods of incarceration, and as one of the elements that is set forth in, I think it's 3572, is the anticipated cost of incarceration, probation, supervised release. And the judge, in his opinion, highlighted that feature and said, I think in this case that factor weighs heavy, that Mr. Smith has been in that position in the past, and I think it's appropriate. I think he also found his earning capacity, his ability to work, and there was no dispute that he had the experience, the work history, the capacity, and the ability to earn a lawful, legitimate income in the future. He had no dependents upon whom there was some reliance on his, and that he did establish that he had been working, although minimal wage for his mother, that he was able and capable of doing it. And I think those were the factors the judge looked at. But he highlighted, in his opinion, the cost of incarceration for Mr. Smith. He was really saying, Mr. Smith, you've been a blight on our society for a long time. Okay, I think and appreciate your candors. Counsel, I'll give you a short rebuttal. I do think that this is an issue that the court needs to decide at this point in time, whether the IRA can even be considered within the defendant's balance sheet. But why is that a ripe issue if the government hasn't gone after it yet? And, moving to the next question, and the district court cited both his existing assets and his current or future earning capacity in factoring into its decision to impose the fine. Well, the district court clearly considered the IRA as an asset within the balance sheet when it imposed the fine of one-half the balance of the IRA, just as it had done previously. But you can see that already that he also considered the second prong, which is the future earning capacity. Okay, so what this court would necessarily I see that the court could find that without answering the first question, it could decide that based upon his earning capacity, the fine was justified. And I could see that as a way of not addressing the issue. Well, in light of Mr. Hagerty's representation to us, to the extent that his decision is binding on his office, you really are asking us for an advisory opinion on an issue that may never come to the fore if there is no effort made to execute on the account. Well, Your Honor, and I guess to some extent I disagree with that. The statute specifically says that the court has to consider his current assets and his earning capacity based upon current situations. And I don't think that the district court should be allowed to impose a fine in the hopes that maybe he'll win the lottery or maybe the government will be able to collect or maybe his mother will give him some money or something to that effect. I think that the court has to take in the situations now in imposing a fine. And the question of whether that IRA is available for the court to consider is a question now, not a question down the road. But the ability or the current status, I should say, also is determined with past history. That's correct. And you can't ignore that past history. No. And even though at the moment he's going to do time and in the BOP, et cetera, et cetera, the fact is that he has demonstrated that ability in the past, and there's no reason why the court can't consider that as part of the current ability in the future if he chooses to do it. That's correct. And I'm not saying that the court can't consider it. I'm just saying in this case it was eight years ago, and his burden is by a preponderance of the evidence. So is it more likely than not that when he gets out of prison he'll be able to make the money to be able to afford a $5,000 fine? No. Well, he's got an IRA out there. Well, I've got another half an hour. That's when you close the book. That's right. All right, counsel, thank you both for your argument. Again, another interesting case, and we'll submit it. Sure. We'll take a short recess and be back in about five or so minutes. All right.
judges: Fisher, Tallman, Mills